**Jessica BEDFORD, Jennifer Bedford, Individuals, and as daughters and next of kin of Allen Bedford, Deceased, Plaintiffs–Appellants,**

v.

**Jo Anne B. BARNHART,\* Commissioner of Social Security Administration, Defendant–Appellee.**

No. 01–5185.

United States Court of Appeals, Tenth Circuit.

July 26, 2002.

---

\* On November 9, 2001, Jo Anne B. Barnhart became the Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Ms. Barnhart is substituted for Larry G. Massanari as the appellee in this action

Before HENRY and HOLLOWAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

### ORDER AND JUDGMENT**

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Jessica and Jennifer Bedford, daughters of Allen Bedford,[1] appeal the district court's order affirming the Commissioner's determination to terminate his prior award of Social Security disability benefits.[2] Under the standards of review that govern us in this case, explained below, we must affirm the Commissioner if

we determine that Mr. Bedford could perform substantial gainful activity. In this case, the conclusion by the Commissioner that such activity could be performed was further bolstered by Mr. Bedford's own testimony. Accordingly, we must affirm.

### I.

We review the Commissioner's decision to terminate benefits to determine whether substantial evidence supports the decision and whether correct legal standards were applied. *Glenn v. Shalala,* 21 F.3d 983, 984 (10th Cir.1994). "We examine the record as a whole, including whatever in the record fairly detracts from the weight of the [Commissioner's] decision and, on that basis, determine if the substantiality of the evidence test has been met." *Id.* (quotation omitted).

An eight-part sequential evaluation process is used in termination reviews. *See* 20 C.F.R. § 404.1594(f)(1)-(8). The Commissioner bears the burden of showing medical improvement by establishing that the claimant's medical condition has improved, the improvement is related to the claimant's ability to work, and the claimant is currently able to engage in substantial gainful activity. *See Glenn,* 21 F.3d at 987 (citing regulations). In deciding whether to terminate benefits, a claimant's impairments are considered together. *See id.* at 986.

### II.

The Commissioner originally found Mr. Bedford to be disabled as of January 17,

---

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. Mr. Bedford passed away September 7, 2000. His daughters bring this appeal as next of kin.

2. After a claimant has been awarded disability benefits, the Commissioner is required to review the case periodically to determine whether there has been any medical improvement in the claimant's condition and whether that improvement affects the claimant's ability to work. 20 C.F.R. § 404.1594(a).

1989, having determined that, due to a myocardial infarction, he met Listing 4.04B. *See* 20 C.F.R. Pt. § 404, Subpt. P.App.1. The administrative law judge (ALJ) determined his disability ceased as of July 1, 1997, after ascertaining he could perform light work. *See id.* § 404.1594(f)(8).

On appeal, plaintiffs argue the ALJ failed to consider Mr. Bedford's combined impairments and improperly evaluated his pain. They argue he showed no significant medical improvement and his post–1997 heart bypass surgery and death are relevant to the determination of whether his benefits should have been terminated.

The record shows that the ALJ properly considered the entire record. As of the date Mr. Bedford's benefits were terminated, he had not seen a physician for six years. At the hearing before the ALJ, Mr. Bedford admitted he could do light work at the minimum wage level. He stated he was currently mowing and weeding lawns for seniors and handicapped people in the area.

Even though Mr. Bedford still had heart problems at the time his benefits were terminated, he could perform substantial gainful activity. Mr. Bedford's treating physician concluded that he could perform light work. *See* Admin. Rec., Vol. II at 999, 1001. The fact that his medical condition later worsened does not affect the ALJ's determination that he could perform light work as of July 1997.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED for substantially the reasons stated in its order of July 18, 2001.